# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Ronald Lee Jenkins,** | Civil No. 10-271 (ADM/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **State of Minnesota,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes to the attention of the undersigned on Ronald Jenkins' petition for a writ of habeas corpus (Doc. No. 1). Mr. Jenkins is proceeding pro se. J. Michael Richardson, Assistant Hennepin County Attorney, is representing the State. This matter is referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a).

After his conviction in a Minnesota state district court for illegal possession of a firearm, Mr. Jenkins was imprisoned at the Minnesota state prison in Rush City. On January 28, 2010, he filed his current petition for a writ of habeas corpus. According to records from the Minnesota Department of Corrections, Mr. Jenkins escaped from custody in February 2010 and he currently remains a wanted fugitive.

Under the fugitive disentitlement doctrine, a court has discretion to dismiss an action by a criminal fugitive, so long as there is some connection between the proceedings and the fugitive's status. *Barnett v. Young Men's Christian Ass'n, Inc.*, 268 F.3d 614, 617-18 (8th Cir. 2001). When deciding whether to exercise this discretion, relevant factors include (1) the risk of delay or frustration in determining the merits; (2) the danger that a judgment will be unenforceable;

(3) the risk of compromising a subsequent criminal prosecution; (4) the indignity visited upon the court; and (5) the need to deter flight from prosecution. *Id.* at 618 (citing *Degen v. United States*, 517 U.S. 820, 825, 828 (1996)).

Through his petition for a writ of habeas corpus, Mr. Jenkins seeks release from prison. By escaping from prison, Mr. Jenkins shown disrespect for the current habeas proceedings, and instead has made it impossible to afford him any relief. For these reasons, and to discourage Mr. Jenkins and other prisoners from escape, this Court thinks it proper to recommend the exercise of the fugitive disentitlement doctrine here. *See Gonzales v. Stover*, 575 F.2d 827, 828 (10th Cir. 1978) (per curiam) (holding that a fugitive is not "in custody" and thus is not entitled to habeas relief) (cited with approval in *Perko v. Bowers*, 945 F.2d 1038, 1040 (8th Cir. 1991)).

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Jenkins' petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED.**

2. This litigation be closed and judgment entered.

Dated this 15th day of September, 2010.   /s   *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **September 30, 2010**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.